UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK GRANTLEY,

    Plaintiff,

v.                                    Case No. 3:26cv1515-TKW-HTC

TORI TATUM, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Derrick Grantley, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE because Grantley failed to accurately disclose his litigation history.

Section VIII of the Court's § 1983 complaint form required Grantley to disclose his prior litigation history and warned him that "***failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case.***" Doc. 1 at 20. The form also advised Grantley that he "***should err on the side of caution if [he is] uncertain whether a case should be identified.***" *Id.*

Question A on the form asked Grantley to identify any case he filed "in federal court, including federal appellate court," that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 21. Question C asked Grantley to identify "any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging [his] conviction or relating to the conditions of [his] confinement." *Id.* at 23.

The undersigned takes judicial notice that Grantley failed to identify *at least* the following cases in response to Question A. First, he failed to identify *Grantley v. Sam*, 16-10778 (11th Cir. Oct. 19, 2016), an appeal the appellate court dismissed "as frivolous." Second, he failed to identify *Grantley v. Baltzell, et al.,* 3:25-cv-01881-TKW-ZCB (N.D. Fla. Mar. 2, 2026), a case which was dismissed prior to service for failure to accurately disclose his litigation history. Although Grantley identified these cases in response to Question C, they should have also been disclosed in response to Question A. Indeed, the questions on the form serve several purposes, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) or cases that are related or duplicative. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013).

The undersigned also takes judicial notice that Grantley failed to identify several cases he filed in response to Question C, including but not limited to the

following civil actions filed in Leon County relating to the conditions of his confinement or challenging his conviction:

1. *Grantley v. FDOC*, 2011 CA 1363 (habeas corpus petition);
2. *Grantley v. FDOC*, 2016 CA 1742 (mandamus petition challenging DR conviction); and
3. *Grantley v. FDOC*, 2018 CA 1160 (mandamus petition seeking return of personal items at prison).

Despite these omissions, Grantley signed the complaint form under penalty of perjury that all the information in the complaint form, "including [his] litigation history, is true and correct." Doc. 1 at 25, 30. Grantley's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. Indeed, Grantley should be aware of the importance of truthfully disclosing all his prior cases, as this Court has previously dismissed one of his cases for failing to accurately disclose his litigation history. *See* N.D. Fla. Case No. 3:15cv493 (dismissing Grantley's § 1983 case without prejudice for Grantley's failure to disclose two cases).

Moreover, Grantley's failure to identify these cases is not excused by his assertion that he "has listed the aforementioned history of litigation to the best of his ability" and that "[i]f anything is missing, it was not done intentionally." Doc. 1 at 22. A prisoner's "purported lack of memory or lack of access to his legal materials does not justify his failure to truthfully disclose his litigation history." *White v. Quinn*, 2025 WL 2202405, at *2 (N.D. Fla. July 16, 2025), *report and*

*recommendation adopted*, 2025 WL 2198610 (N.D. Fla. Aug. 1, 2025) (collecting

cases).  Grantley "has an obligation to maintain information (or at least a list of case

numbers) for all of his prior cases, and if he does not have that information, he can

(and should) request it from the appropriate clerks' offices before filing a new case."

*Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021) (prisoner's

"claim that he simply 'forgot' about the undisclosed prior cases … is not a justifiable

excuse for his failure to list those cases"); *see also Beshears v. Marion Cnty. Bd. of

Cnty. Comm'rs*, 2020 WL 5949790, at *2 (11th Cir. Apr. 20, 2020) ("The District

Court acted within its discretion in finding that Mr. Beshears's explanation for his

failure to disclose this information— … that he suffered from memory loss—was

not a credible or persuasive reason for failing to disclose his numerous other

lawsuits.").

The Court has inherent authority to dismiss a case based on a plaintiff's failure

to truthfully and fully disclose his litigation history.  *See McNair v. Johnson*, 143

F.4th 1301 (11th Cir. 2025).  If the Court cannot rely on the statements or responses

made by the parties, it threatens the quality of justice.  The Court will not tolerate

false or incomplete responses or statements in any pleading or motion filed before

it.  Thus, if Grantley suffered no penalty for his inaccurate responses, there would

be little or no disincentive for his attempt to evade or undermine the purpose of the

form.  *See e.g., Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16,

2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED without prejudice under this Court's inherent authority for Grantley's failure to accurately disclose his litigation history.

2.    That the clerk close the file.

At Pensacola, Florida, this 26th day of March, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:26cv1515-TKW-HTC