**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DERRICK GRANTLEY,**

    **Plaintiff,**

**v.**                                  **Case No.  3:26-cv-1515-TKW-HTC**

**TORI TATUM, et al.,**

    **Defendants.**

_____/

## <u>ORDER</u>

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 4) and Plaintiff's objections (Doc. 9).  The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with Plaintiff's argument that his failure to list Case No. 3:25-cv-1881 in response to Question A was not a misstatement of his litigation history because that case had not yet been dismissed when the complaint in this case was provided to prison officials for mailing on February 26, 2026.  That does not undermine the magistrate judge's recommendation that this case should be dismissed based on Plaintiff's failure to fully disclose his litigation history because the Court agrees with the magistrate

judge's determination that Plaintiff also failed to list another case in response to Question A and multiple cases in response to Question C.

On the latter point, the Court did not overlook Plaintiff's argument that Question C did not clearly require him to list mandamus petitions, but that argument is not persuasive for two reasons. First, the introductory instructions for the litigation history questions broadly referred to the disclosure of "**all** prior state and federal cases—**including but not limited to** civil cases, habeas cases, and appeals" and advised Plaintiff to "**err on the side of caution if you are uncertain whether a case should be identified**." Doc. 1 at 20 (emphasis added). Second, one of the cases that Plaintiff failed to list in response to Question C was a state habeas petition, not a mandamus petition, and that question clearly requires disclosures of "habeas corpus petition[s] … in state … court."

The Court also did not overlook Plaintiff's motion for leave to file an amended complaint (Doc. 8) in which he asserted that he "recently received case numbers from past litigations and [he] needs to add them to Question A and Question C of his complaint." However, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Hood v.*

*Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, it is **ORDERED** that:

1.     The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.     Plaintiff's motion for leave to file an amended complaint (Doc. 8) is **DENIED**.

3.     This case is **DISMISSED without prejudice** under the Court's inherent authority based on Plaintiff's failure to fully disclose his litigation history. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

4.     The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 20th day of April, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**